**UNITED STATES DISTRICT COURT**
**SOURTHERN DISTRICT OF FLORIDA**
CASE NO.:

LISETTE MURADO,

    Plaintiff,

v.

BROWARD COUNTY ANIMAL CARE
AND ADOPTION CENTER,

    Defendant.
_____/

**COMPLAINT**

    Plaintiff, LISETTE MURADO ("MURADO" or Plaintiff), by and through her undersigned counsel, hereby files this Complaint against Defendant, BROWARD COUNTY ANIMAL CARE AND ADOPTION CENTER (hereinafter "BCACAC" or "Defendant") and says:

**JURISDICTION AND VENUE**

    1.    This action is brought against Defendant for its unlawful employment practices pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"), § 706(f) (42 U.S.C. § 2000e-5(f)), which incorporates by reference the Civil Rights Act of 1964 codified at 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

    2.    This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

    3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the

actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## **PARTIES**

5. Plaintiff is a resident of Broward County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as an office manager.

6. Plaintiff is a Hispanic female who experienced disparate treatment, hostile work environment, and retaliation on the basis of her race and color. Plaintiff is therefore a member of a class protected under the Title VII and the FCRA because the terms, conditions, and privileges of her employment were altered because of her race and color.

7. Defendant is an agency of Broward County Florida, organized and existing by virtue of the laws of Broward County and the State of Florida which operates at and its home office is 2400 SW 42nd Street, Fort Lauderdale, Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

10. Plaintiff filed her charge on or about July, 9, 2020, which was no more than 300 days after the last discriminatory event occurred, to wit: March 27, 2020.

11.     Plaintiff was issued a Notice of Suit Rights on May 26, 3022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

## GENERAL ALLEGATIONS

12.     Plaintiff worked for Defendant as an office manager from April 2013 until her termination on March 27, 2020.

13.     In October 2018, Wade Sparkman ("Sparkman") began working for Defendant as a business manager and the supervisor for the administration ("admin") section where Plaintiff was the office manager.

14.     At the time Sparkman was hired, there were six employees that worked in the admin section, all of whom were people of color.

15.     From the beginning of his employment, Sparkman showed animus towards people of color and subjected them to constant and continued abusive conduct.

16.     Sparkman's first order of business was to attack the most profitable program, the Tag Program ran by an African-American female.

17.     Sparkman unilaterally canceled a tag order in an effort to sabotage the program and undermine the African-American female manager running the program.

18.     Due to Sparkman's actions, the African-American had to take a demotion within Broward County and leave BCACAC.

19.     Sparkman's offensive and abusive conduct towards his subordinates, all people of color, caused several employees to leave or request transfers to another department.

20.     Sparkman then hired one white female employee to replace three departed African-American employees and reallocated the rest of the remaining workload to Plaintiff.

21. Specifically, Sparkman delegated the Tag Program and other administrative responsibilities including data entry to Plaintiff whom was already at full capacity with her work duties as office manager.

22. Plaintiff was not asked if she wanted to take over the Tag Program and was not provide a new job title or pay raise for the increased responsibilities.

23. By taking over the Tag Program, Plaintiff was essentially working two full time positions simultaneously.

24. Sparkman assigned Plaintiff tasks other administrative tasks that were impossible to complete such as initially requiring Plaintiff to complete 250 data entries per day on top of all of her other responsibilities.

25. Completing 250 data entries would take a trained data entry employee with no other assigned tasks all day to complete.

26. The unreasonably heavy workload Sparkman gave to Plaintiff was in attempt to continue the sabotage on the Tag Program and to berate, harass, and humiliate Plaintiff by intentionally setting her up to fail.

27. When Plaintiff was inevitably unable to keep up with the unrealistic workload, Sparkman gave Plaintiff a Counseling Memo in June 2019 and a negative Leadership Performance Review on or about August 9, 2019.

28. Due to the Counseling Memo and the negative review in the summer of 2019, Plaintiff was put on a Personal Improvement Plan ("PIP").

29. As part of the PIP, Plaintiff was required to attend meetings with Sparkman on a regular basis.

30. Plaintiff asked Sparking for constructive feedback and advice on how to improve but Sparkman ignored her requests.

31. Instead of proving constructive feedback and advice on way to improve, Sparkman used the PIP meetings to harass and berate Plaintiff.

32. Sparkman continually undermined Plaintiff's authority as office manager and berating her work performance in front of her subordinates.

33. On numerous occasions, Plaintiff requested a sit down meeting with Sparkman to discuss her job assignments which Sparkman ignored.

34. Plaintiff complained to upper management about her increased workload and Sparkman's harassing and discriminatory conduct.

35. Following her complaints to upper management, Plaintiff began experiencing even more aggressive bulling from Sparkman.

36. Sparkman also continued to increase Plaintiff's workload.

37. The constant pressure, bullying, and harassment Plaintiff suffered at the hands of Sparkman caused her to be physically ill almost every work day including vomiting and severe anxiety.

38. Plaintiff continued to raise her concerns to Defendant but all of her complaints went unresolved.

39. Following her complaints, Plaintiff was given an ultimatum, either accept a demotion or be terminated.

40. Plaintiff rejected the demotion and was terminated effective March 27, 2020.

41. Even if Defendant had legitimate, non-discriminatory reasons for its actions, Plaintiff's race and color was, at minimum, a motivating factor in Defendant's disparate treatment of Plaintiff and Defendant's decision to terminate Plaintiff [1].

42. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

43. Plaintiff is entitled to reasonable attorneys' fees and costs if she is the prevailing party in this action.

### COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (DISCRIMINATION BASED ON RACE/COLOR)

44. Plaintiff re-alleges and re-avers paragraphs 1 – 43 as fully set forth herein.

45. Plaintiff brings this action under Title VII for damages caused by Defendant's disparate treatment of Plaintiff on the basis of race and/or color.

46. Plaintiff is a member of a protected class, to wit, Hispanic.

47. Since the beginning of Sparkman's employment with Defendant, Plaintiff experienced discriminatory treatment due to Plaintiff's race and/or color.

48. Defendant treated Plaintiff less favorably that Plaintiff's non-Hispanic, Caucasian co-workers. Specifically, Sparkman intentionally and systematically set Plaintiff up to fail by assigning her an impossibly heavy workload, subjecting her to unjustified harassing, bullying and unjustified negative performance reviews which ultimately led to her termination.

49. Due to the disparate treatment inflicted on Plaintiff on the basis of her race and/ color, Plaintiff was ultimately terminated.

50. Defendant's reasons for Plaintiff's termination were pretextual.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

51. Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's race and/or color was, at minimum, a motivating factor in Defendant's adverse employment decisions.

52. Defendant, including its supervisor, Sparkman, acted with intentional disregard for Plaintiff's rights as a Hispanic protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Sparkman, and/or other employees.

53. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

54. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LISETTE MURADO requests that:

   a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Title VII;

   b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not

been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (HOSTILE WORK ENVIRONMENT)

55. Plaintiff re-alleges and re-avers paragraphs 1 – 43 as fully set forth herein.

56. Plaintiff brings this action under the Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the disparate treatment Defendant's supervisors inflicted on Plaintiff on the basis of race and/or color.

57. Plaintiff is a member of a protected class, to wit, Hispanic.

58. Plaintiff was subjected to constant and continual offensive and unwelcomed discriminatory conduct from her direct supervisor, Sparkman, due to Plaintiff's race and/or color.

59. Sparkman constantly treated Plaintiff less favorably than Plaintiff's non-Hispanic, Caucasian co-workers. Specifically, Sparkman intentionally and systematically set Plaintiff up to fail by requiring Plaintiff to maintain an impossibly heavy workload; continually berating and bullying Plaintiff in front of her subordinates; and subjecting her to unjustified negative performance reviews which ultimately led to Plaintiff's termination.

60. Sparkman was Plaintiff's direct supervisor while Plaintiff was employed by Defendant during the times alleged by Plaintiff above. Sparkman's repeated and consistent disparate treatment of Plaintiff, was severe and/or pervasive enough to create a work

environment that a reasonable person would consider intimidating, hostile or abusive. Defendant's supervisor's conduct was severe and pervasive from both a subjective and objective perspective.

61. Defendant, including its supervisor, Sparkman, acted with intentional disregard for Plaintiff's rights as a Hispanic person protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Sparkman.

62. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII as a direct result of Defendant's discriminatory actions.

63. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LISETTE MURADO requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not

9

been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (RETALIATION)

64. Plaintiff re-alleges and re-avers paragraphs 1 – 43 as fully set forth herein.

65. Plaintiff brings this action for retaliation in violation of Title VII.

66. Plaintiff had been experiencing discriminatory treatment because Plaintiff is Hispanic.

67. Plaintiff complained about the discriminatory treatment due to her race and/or color to upper management on numerous occasions.

68. As a result of Plaintiff's complaints, Plaintiff was subjected to even heavier workloads, more aggressive harassment and bullying, unjustified negative reviews and ultimately termination.

69. Defendant's reasons for Plaintiff's heavier workloads, unjustified negative reviews, and termination were pretextual.

70. The heavier workloads, unjustified negative reviews, and termination all constitute an adverse employment actions under Title VII.

71. Defendant's actions were done with malice, and with disregard for Plaintiff's rights under Title VII. Defendant, by and through its officers, and/or supervisors, authorized,

condoned, and/or ratified the unlawful conduct of Sparkman, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LISETTE MURADO requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT IV: VIOLATION OF FCRA
(DISCRIMINATION BASED ON RACE/COLOR)**

72.    Plaintiff re-alleges and re-avers paragraphs 1 – 43 as fully set forth herein.

73.    Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Fla. Stats. § 760.01 *et seq.*, for damages caused by Defendant's disparate treatment of Plaintiff.

74.    Plaintiff is a member of a protected class, to wit, Hispanic.

75.    Since the beginning of Sparkman's employment with Defendant, Plaintiff experienced discriminatory treatment due to Plaintiff's race and/or color.

76.     Defendant treated Plaintiff less favorably that Plaintiff's non-Hispanic, Caucasian co-workers. Specifically, Sparkman intentionally and systematically set Plaintiff up to fail by assigning her an impossibly heavy workload, subjecting her to unjustified harassing, bullying and unjustified negative performance reviews which ultimately led to her termination.

77.     Due to the disparate treatment inflicted on Plaintiff on the basis of her race and/or color, Plaintiff was ultimately terminated.

78.     Defendant's reasons for Plaintiff's termination was pretextual.

79.     Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's race and/or color was, at minimum, a motivating factor in Defendant's adverse employment decisions.

80.     Defendant, including its supervisor, Sparkman, acted with intentional disregard for Plaintiff's rights as a Hispanic person protected under FRCA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Sparkman, and/or other employees.

81.     Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA.

82.     Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LISETTE MURADO requests that:

    a.  The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional

      reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

    b.  The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

    c.  The Court award Plaintiff the costs of this action, together with reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

    d.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V: VIOLATION OF FCRA
## (HOSTILE WORK ENVIRONMENT)

83.    Plaintiff re-alleges and re-avers paragraphs 1 – 43 as fully set forth herein.

84.    Plaintiff brings this action under FCRA for damages caused by Defendant's unlawful employment practices committed against Plaintiff by allowing and ratifying the disparate treatment Defendant's supervisors inflicted on Plaintiff on the basis of race and/or color.

85.    Plaintiff is a member of a protected class, to wit, Hispanic.

86.    Plaintiff was subjected to constant and continual offensive and unwelcomed discriminatory conduct from her direct supervisor, Sparkman, due to Plaintiff's race and/or color.

87.    Sparkman constantly treated Plaintiff less favorably than Plaintiff's non-Hispanic, Caucasian co-workers. Specifically, Sparkman intentionally and systematically set Plaintiff up to fail by requiring Plaintiff to maintain an impossibly heavy workload; continually berating and

bullying Plaintiff in front of her subordinates; and subjecting her to unjustified negative performance reviews which ultimately led to Plaintiff's termination.

88. Sparkman was Plaintiff's direct supervisor while Plaintiff was employed by Defendant during the times alleged by Plaintiff above. Sparkman's repeated and consistent disparate treatment of Plaintiff, was severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive. Defendant's supervisor's conduct was severe and pervasive from both a subjective and objective perspective.

89. Defendant, including its supervisor, Sparkman, acted with intentional disregard for Plaintiff's rights as a Hispanic person protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Sparkman.

90. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA as a direct result of Defendant's discriminatory actions.

91. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA.  Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LISETTE MURADO requests that:

    a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's

   discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

 b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

 c. The Court award Plaintiff the costs of this action, together with reasonable attorneys' fees incurred herein, pursuant to the applicable statute; and

 d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI: VIOLATION OF FCRA
## (RETALIATION)

92. Plaintiff re-alleges and re-avers paragraphs 1 – 43 as fully set forth herein.

93. Plaintiff brings this action for retaliation in violation of FCRA.

94. Plaintiff had been experiencing discriminatory treatment because Plaintiff is Hispanic.

95. Plaintiff complained about the discriminatory treatment due to her race and/or color to upper management on numerous occasions.

96. As a result of Plaintiff's complaints, Plaintiff was subjected to even heavier workloads, more aggressive harassment and bullying, unjustified negative reviews and ultimately termination.

97. Defendant's reasons for Plaintiff's heavier workloads, unjustified negative reviews, and termination were pretextual.

98. The heavier workloads, unjustified negative reviews, and termination all constitute adverse employment actions under FCRA.

99. Defendant's actions were done with malice, and with disregard for Plaintiff's rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Sparkman and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LISETTE MURADO requests that:

   a. The Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

   b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

   c. The Court award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

   d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff LISETTE MURADO hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: August 9, 2022

        LAW OFFICES OF CHARLES EISS, P.L.
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 112
        Plantation, Florida 33324
        (954) 914-7890 (Office)
        (855) 423-5298 (Facsimile)

By:   /s/ Charles M. Eiss
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        chuck@icelawfirm.com
        SHANNA WALL, Esq.
        Fla. Bar #0051672
        shanna@icelawfirm.com